IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CHARLES GILMER, JR.,** | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:17-cv-462-WC |
| | ) |
| **FLOWERS BAKING CO. OF OPELIKA, LLC,** | ) JURY TRIAL REQUESTED |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Charles Gilmer, by and through his undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1. Plaintiff Gilmer files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, 2201, and 2202, as an action arising under the act of Congress known as The Age Discrimination in Employment Act, 29 U.S.C.A. § 621, et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and the Vocational Rehabilitation Act, 29 U.S.C. § 701, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and awards of back pay and damages suffered by the Plaintiff, caused by the Defendants' discrimination against Plaintiff, due to his age and perceived disability.

2. Plaintiff Gilmer filed a charge of age and disability discrimination with the EEOC in Birmingham, Alabama on January 9, 2017. Plaintiff received a right-to-sue on

June 26, 2017, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit A).

3. Venue is proper in the Eastern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Lee County, Alabama.

## II. PARTIES

4. The named Plaintiff, Charles Gilmer, Jr. (hereinafter "Plaintiff" or "Mr. Gilmer"), is a citizen of the United States and a resident of Salem, Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, Flowers Baking Com. of Opelika, LLC (hereinafter "Defendant" or "Flowers Baking"), is a business located and operating in Lee County, Alabama. At all times relevant to this complaint, Plaintiff was employed, and continues to be employed, by Defendant.

## III. STATEMENT OF FACTS

6. Mr. Gilmer is a sixty-five-year-old male of Caucasian descent. Mr. Gilmer began working for Flowers Baking in 1977.

7. Mr. Gilmer avers that he was terminated on or about December 2, 2016, just a few months shy of his fortieth anniversary working with Flowers Baking.

8. Mr. Gilmer avers that Flowers Baking terminated him for pretextual reasons, and that his age was a substantial and motivating factor in his termination.

9. Mr. Gilmer avers that management perceived that, after four worker's compensation injuries in his career, that Mr. Gilmer was growing too old and fragile to perform the construction and building maintenance work of his job.

2

10. Further reflecting age discrimination, Mr. Gilmer avers that there has been a youth movement in new hires at Flowers Baking and there has been a pattern and practice of older employees being terminated on unreasonable grounds, after many years of loyal service to Flowers Baking.

11. Mr. Gilmer avers that there was a disparity in discipline between the way younger employees were treated for serious offenses by Flowers Baking and the way he was treated for serious offenses. Mr. Gilmer avers that he was disciplined by termination for correcting William Nelson, a younger employee, approximately thirty-seven-years-old, who was not following orders.

12. Mr. Gilmer was frequently asked by his superiors, including Chief Engineer Daryl Funderburke, when he, Mr. Gilmer, was going to retire.

13. Mr. Gilmer avers that Flowers Baking maintained a double standard of allowing employees to use company time or resources for personal gain unrelated to employment with the company. The standard was frequently violated by various Flowers Baking executives when said executives requested, and made, Mr. Gilmer do maintenance work at their homes for their own personal benefit.

14. Mr. Gilmer avers that the reason given by Flowers Baking for his termination is pretextual, namely that he had "used profane, abusive, or threatening language... towards other employees." Mr. Gilmer avers that other younger employees used such language, and were disciplined less severely, or were not disciplined at all.

15. Mr. Gilmer avers that his age discrimination claim is closely related to his disability discrimination claim, in which Flowers Baking perceives him, at his age and health status, as being a potential liability for Flowers Baking in the next six years that

Mr. Gilmer intended to work. Therefore, Flowers Baking violated both the Age Discrimination in Employment Act as well as the Americans with Disabilities Act and Vocational Rehabilitation Act.

16. As a result of Flowers Baking's unlawful violations, Mr. Gilmer has lost an income of approximately $64,000.00 per year, his health insurance, and annual contributions to his 401(k).

17. Mr. Gilmer has also experienced severe mental anguish due to Flowers Baking's practice of perceived disability discrimination against him.

## IV. PLAINTIFF'S FIRST CAUSE OF ACTION

### AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 621 et seq.

18. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17 above, the same as if more fully set forth herein, and further avers that the Defendant has discriminated against him due to his age by wrongfully terminating Plaintiff's employment.

19. Plaintiff avers that the aforesaid actions of the Defendant violated 29 U.S.C. § 621, et seq. prohibiting age discrimination in employment.

20. Plaintiff avers that he has suffered economic damage as a proximate cause of said age discrimination. Plaintiff also avers that the age discrimination practiced against him was willful, thus entitling Plaintiff to double damages.

21. Plaintiff further avers that he has pursued and has exhausted his administrative remedies.

## **PRAYER FOR RELIEF**

**WHEREFORE**, premises considered, Plaintiff prays that this Honorable Court will, upon a final hearing of this cause, enter an order with the following provisions:

a) A judgment declaring that Plaintiff was discriminated against by the Defendant, due to Plaintiff's age, and

b) A judgment reinstating Plaintiff into his position of employment;

c) An award of back pay for all lost wages, and in the event Plaintiff is not reinstated, then an award of front pay to which Plaintiff may be entitled;

d) An award of all court costs and reasonable attorney's fees, including those incurred for seeking administrative relief;

e) A doubling of damages due to the willful nature of the age discrimination practices against Plaintiff.

f) Such further, other and different relief as this Court may deem appropriate and necessary.

### V. PLAINTIFF'S SECOND CAUSE OF ACTION

**PERCEIVED DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT & THE VOCATIONAL REHABILITATION ACT**

21. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 17 above, the same as if more fully set forth herein and further avers that the Defendant's discrimination against him an incorrect perception by Defendant of a disability on the part of Plaintiff, violated the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and the Vocational Rehabilitation Act, Act, 29 U.S.C. § 701, et seq., prohibiting handicap discrimination.

22. Plaintiff has lost wages and benefits, and suffered extreme mental anguish as a result of Defendant's discrimination against him, due to the Defendant's incorrect perception of a disability on the part of the Plaintiff.

23. Plaintiff avers that he has pursued and exhausted his administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring Plaintiff was discriminated against by the Defendant, due to the incorrect perception by the Defendant that Plaintiff was disabled;

b) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

d) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

e) An award of punitive damages; and

e) Such further, other and different relief as the Court may deem appropriate and necessary.

Respectfully submitted this 12th day of July, 2017.

Charles Gilmer, Jr., Plaintiff

_____
Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff

_____
Chase Estes (ASB-1089-F44L)
Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321      FAX
julianmcphillips@msg-lawfirm.com
cestes@msg-lawfirm.com

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

_____
OF COUNSEL